UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL McMAHON and RUSLAN
RUDENOK, on behalf of themselves and all
others similarly situated,

Plaintiffs,

- against -

OLIVIER CHENG CATERING AND
EVENTS, LLC, OLIVIER CHENG, and
FRANK CURSAT

Defendants.

08 Civ. 08713 (PGG)

ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7 | 8 | 09

PAUL G. GARDEPHE, U.S.D.J.:

On March 31, 2009, Plaintiffs filed an unopposed motion for: (1) preliminary

approval of the parties' settlement; (2) preliminary certification of the settlement class; (3)

appointment of Plaintiffs' counsel as class counsel; and (4) approval of Plaintiffs' proposed

notice of settlement. After reviewing the memorandum of law, affidavit, and exhibits Plaintiffs

submitted in connection with their motion, the Court has determined that it needs further

information from Plaintiffs before it can rule on their motion. Accordingly, Plaintiffs shall file a

supplemental affidavit, no later than July 27, 2009, addressing the six points that are described

below.

First, Plaintiffs are directed to submit information addressing the third Grinnell[1]

factor – "[t]he stage of the proceedings and the amount of discovery completed[.]" See Wal-

Mart Stores, Inc., 396 F.3d at 117 (quotation omitted). Plaintiffs' submission should include the

---

[1] "In this Circuit, courts examine the fairness, adequacy, and reasonableness of a class
settlement according to the 'Grinnell factors.'" Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396
F.3d 96, 117 (citing City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 abrogated on other
grounds by Goldberger v Integrated Resources, Inc., 209 F.3d 43, 50 (2d Cir. 2000)).

approximate number of documents Plaintiffs' counsel reviewed; the total number of interviews Plaintiffs' counsel conducted; the identities of or positions held by the interviewees; any other steps Plaintiff has taken in discovery; and the nature and extent of any legal research Plaintiffs' counsel has conducted.

Second, Plaintiffs should address the litigation risk they face in establishing liability and damages. See id. (quotation omitted). In particular, Plaintiffs should explain what evidence they would bring to support their claims (especially Plaintiffs' New York Labor Law claim for the withholding of service charges); the probable defenses that would be asserted through motions or at trial; and the maximum amount Plaintiffs expect to recover at trial. Plaintiffs should also explain why they abandoned their spread-of-pay claims in reaching a tentative settlement.

Third, Plaintiffs are directed to provide information regarding "[t]he ability of Defendants to withstand a greater judgment[.]" Id. (quotation omitted). Plaintiffs should provide specific financial information for Olivier Cheng Catering and for each individual defendant.

Fourth, Plaintiffs should address the range of reasonableness of the settlement fund in light of the best possible recovery and the attendant risks of litigation. See id. (quotation omitted). In addressing these Grinnell factors, Plaintiffs should explain: (1) the total number of overtime hours at issue for the putative class; (2) how much a putative class member should have been paid for a single hour of overtime; (3) the total number of service charges Defendants allegedly withheld from the putative class; (4) the approximate amount of a single service charge; (5) approximately how much an individual putative class member should have received

as a service-charge payment after a single catering event;[2] and (6) approximately how much

Plaintiffs expected to recover on their spread-of-pay claim.

Fifth, Plaintiffs are directed to submit information regarding the " time and labor

expended by [plaintiffs'] counsel" on this action, including the number of hours worked and

counsel's hourly rate. Id. (quoting Goldberger v. Integrated Res., Inc., 209 F.3d 43, 55 (2d Cir.

2000)).

Finally, Plaintiffs should explain whether any of the following "special

circumstances" apply to the Named Plaintiffs:

> the personal risk (if any) incurred by the [named plaintiffs] in becoming and
> continuing as a litigant, the time and effort expended by that plaintiff in assisting
> in the prosecution of the litigation or in bringing to bear added value (e.g., factual
> expertise), any other burdens sustained by that plaintiff in lending himself or
> herself to the prosecution of the claim, and of course, the ultimate recovery.

Frank v. Eastman Kodak Co., 228 F.R.D. 174, 187 (W.D.N.Y. 2005) (quoting Roberts v.

Texaco, Inc., 979 F. Supp. 185, 200 (S.D.N.Y. 1997)).

Dated:     New York, New York
           July 8, 2009

                                    SO ORDERED.

                                    _____
                                    Paul G. Gardephe
                                    United States District Judge

---

[2] Plaintiffs allege that Defendants collected service charges or gratuities from their customers.
(Cmplt., ¶ 43) Plaintiffs further allege that Defendants' customers believed that these service
charges would be distributed to the putative class members, and that Defendants wrongfully
withheld these service charges from the class. (Id.) Presumably, if Defendants had distributed
the service charges to the putative class members after a catering event, the amount each putative
class member received would have equaled the total amount Defendants collected from their
customers divided by the number of employees who worked at the catering event. Plaintiffs
should approximate this final number in their submission.